WENGER et al. v. CHICAGO & E. R. CO.

(Circuit Court, N. D. Illinois, N. D. July 6, 1900.)

No. 24,182.

1. RAILROADS—REORGANIZATION—LIABILITY FOR CLAIMS AGAINST OLD COMPANY.
The holder of an unliquidated claim against a railroad company will be held barred by laches from the right to charge a reorganized company succeeding to the property with liability thereon, on the ground that it issued bonds and stock to stockholders of the old company, where, with ample opportunity, he neglected to assert such claim against the new company until after the transaction had been completed and the bonds and stock delivered.

2. SAME—SUIT TO CHARGE NEW COMPANY—PARTIES.
A suit cannot be maintained against a reorganized railroad company to charge it with liability for a claim against the old company on the ground that it issued bonds and stock to stockholders of the old company without joining such stockholders.

In Equity. On demurrer to bill.

John C. McShane, for complainants.
Johnson, Stirlen & King, for defendant.

KOHLSAAT, District Judge. This matter comes on before me to be heard upon demurrer to the bill of complaint, which bill alleges, in substance, that Wenger was, on the 10th day of June, 1888, injured while riding as a passenger on a train of the Chicago & Atlantic Railway Company; that on April 29, 1889, he filed his declaration against said company in the superior court of this county; that on May 7, 1889, said company entered its appearance in said suit, and filed its plea to said declaration; that prior to the said injury to Wenger certain mortgages on the property of said company were in existence; that foreclosure proceedings had been commenced prior to the institution of said suit by Wenger, in which foreclosure proceedings decrees had been entered on January 29, 1888, January 29, 1889, and February 20, 1889, ordering the sale of said property in satisfaction of said mortgages; that under and by virtue of said decrees public sale by the master, appointed commissioner for such purpose, of said property, was made on August 12, 1890, which sale was duly confirmed; that the persons purchasing at said sale were trustees under a reorganization agreement, and represented certain of the owners of said mortgage indebtedness and of the capital stock of said Chicago & Atlantic Railroad Company; that in and by said reorganization agreement the said purchasers of said property should convey the property so purchased to a new railroad corporation, to be organized pursuant to law; that certain of the capital stock and bonds of such new corporation should be used in paying certain creditors of said Chicago & Atlantic Railway Company, and should be exchanged for certain debts and stock of said latter company; that in pursuance of said reorganization agreement the defendant corporation, Chicago & Erie Railroad Company, was duly organized, and certain of its bonds and stock exchanged for certain of the debts and stock of said Chicago

& Atlantic Railway Company; that no provision was made in said reorganization agreement, or in the distribution of said stock and bonds of defendant company, for the payment of the claim of Wenger on account of his said injury; that subsequently, and on October 4, 1893, the aforesaid suit of said Wenger came on for trial, and resulted in a verdict and judgment in favor of said Wenger for $25,000; that subsequently the other complainant, by assignment duly made, acquired an interest in said judgment; and that by reason of the premises complainants are entitled to have their said judgment paid by defendant corporation. The theory upon which complainants proceed is that defendant corporation took the property of the Chicago & Atlantic Railway Company subject to all claims against the latter company of every kind, nature, and description; that the sales under foreclosure decrees above set forth were simply formal, and are no protection to the purchasers; that defendant knew, or was bound to know, of complainants' claim, and to make provision for the payment of the same, when taking over the property aforesaid. It does not appear from the bill that any attempt whatever was made to make defendant a party to said damage suit, or to inform any officer of defendant of the pendency of said suit. In fact, it appears from the bill and exhibits that the Chicago & Atlantic Railway Company was practically out of existence at the time the judgment in question was recovered by Wenger. It at most had but a technical existence. It does not appear that any steps were taken to present Wenger's claim in any manner, either to the reorganization committee or to the new corporation. The bill herein was not filed until June 3, 1896. At this time the reorganization in question had long been completed, and the securities of defendant corporation distributed in accordance with the terms thereof, so far as the bill discloses. Certainly, under the conditions thus shown, it would require the presentation of very strong excuses to avoid the fact of laches appearing on the face of the bill. Under the authority of Railroad Co. v. Howard, 7 Wall. 392, 19 L. Ed. 117, complainants possibly might have intervened pending the carrying out of the reorganization scheme, and obtained relief; but, even in that case it was only the property which was to be received by the stockholders of the old company which was declared subject to the rights of a general creditor, and that property was sequestered before it had been distributed. Under the theory of that case the old stockholders who received the stock and bonds of the new company in exchange for their stock in the old are the ones interested. These stockholders are not made parties here. Without, therefore, determining whether or not the claim for personal injuries sued on by Wenger was, at the date of the consummation of the reorganization scheme, such a claim as would constitute an equitable lien against the property of the Chicago & Atlantic Railway Company, the demurrers herein will be sustained—First, on the ground of laches; and second, for want of proper parties. The bill is dismissed for want of equity.